IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edwin Cruz, | ) C/A No. 5:12-02149-CMC-KDW |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECOMMENDATION |
| Bureau of Prisons; United States of America; Lt. Jones; | ) FOR PARTIAL SUMMARY |
| Officer Johnson; Officer Robinson, | ) DISMISSAL |
| Defendants. | ) |

This is a civil action filed by a federal prisoner incarcerated at Federal Correctional Institution ("FCI") in Jesup, Georgia. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Having reviewed the pleadings in accordance with applicable law, the undersigned concludes that Plaintiff's Complaint should be summarily dismissed as to Defendant Bureau of Prisons ("BOP"). In a separately docketed order, the undersigned has authorized service against the remaining Defendants.

I.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made when the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When evaluating a pro se complaint, the court assumes the plaintiff's allegations are true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

II. Discussion

    A. Background

Plaintiff alleges claims against the United States of America ("USA") and the BOP under the Federal Tort Claims Act ("FTCA"). ECF No. 1 at 2. Plaintiff also alleges claims against Lt. Jones, Officer Johnson, and Officer Robinson for a violation of Plaintiff's constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *Id.*

Plaintiff failed to provide service documents for Defendants in this action. Therefore, the court issued an order on August 9, 2012, directing Plaintiff to submit the service documents needed to advance this case. ECF No. 9. Plaintiff complied with the court's order by submitting summonses and Forms USM-285 for all Defendants except the BOP. ECF No. 13. Plaintiff also provided service documents for one individual, Officer G. Parker, whose name does not appear anywhere in

the caption or body of the Complaint. Because the pleadings contain no allegations against Officer G. Parker, this individual has not been added to the court's docket as a party in this action.

B. Analysis

Plaintiff provides sufficient factual allegations to withstand summary dismissal against Defendants USA, Lt. Jones, Officer Johnson, and Officer Robinson. However, Defendant BOP is immune from Plaintiff's claims brought pursuant to *Bivens* and the FTCA. Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without its express consent. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not consented to a *Bivens* suit against it or against one of its agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994); *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999) ("While *Bivens* actions allow for recovery of money damages against federal officials . . ., *Bivens* does not allow for recovery of money damages, or suits in general, against the government itself."). Thus, no viable *Bivens* claim can be stated against the BOP. Further, while Congress waived the United States' sovereign immunity in the FTCA for claims arising out of torts committed by federal employees, the United States is the only proper defendant in such an action. *See* 28 U.S.C. §§ 1346(b)(1), 2679(a). Therefore, Defendant BOP is entitled to summary dismissal from this case.

III. Conclusion

It is recommended that the complaint be dismissed as to Defendant Bureau of Prisons without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[Signature: Kaymani D. West]*

September 13, 2012
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).