UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edwin Cruz, | ) | C/A No.  5:12-2149-CMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| United States of America, Lt. Jones, | ) | |
| Officer Johnson, Officer Robinson, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, a pro se prisoner, brings this action alleging claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Torts Claims Act ("FTCA").[1]  This matter is before the court on Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, filed on December 27, 2012.[2]  ECF No. 36.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) the court advised Plaintiff, on January 2, 2013, of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' Motion. ECF No. 40. On February 8, 2013, Plaintiff filed a response in opposition to Defendants' Motion. ECF No. 43.  Having considered the parties' filings, the undersigned enters this Report and Recommendation recommending[3] Defendants' Motion be granted and Plaintiff's Complaint be dismissed with prejudice.

---

[1] 28 U.S.C. § 1346 and 28 U.S.C. § 2671, *et seq.*

[2] Because the court has considered matters outside of the pleadings, the undersigned is considering the motion as one for summary judgment. Fed. R. Civ. P. 12(d).

[3] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C, which provides for all pretrial proceedings in certain types of matters be referred to a United States

I.     Factual Background

Plaintiff is presently confined in Georgia. At the time of the incidents alleged in the Complaint, Plaintiff was incarcerated at the Federal Corrections Institution in Bennettsville, South Carolina ("FCI-Bennettsville"). ECF No. 1.

In his Complaint, Plaintiff alleges that on August 5, 2011, the lower B range of the Special Housing Unit ("SHU") experienced flooding. *Id.* at 2.  Plaintiff alleges that the entire range was flooded with feces and urine and that, despite the unsanitary conditions, the prison employees continued to serve meals using contaminated gloves. *Id.*  Plaintiff states that as a result of being forced to eat contaminated meals he suffered from internal bleeding, diarrhea, emotional and mental trauma, and weight loss. *Id.*  Plaintiff also alleges that his requests for medical assistance were denied. *Id.* Plaintiff further alleges that on August 15, 2011, while handcuffed and in his cell, he was assaulted by Defendant Jones "while officers Johnson and Robinson remained standing outside the cell door." *Id.* Plaintiff alleges he suffered a bruised rib cage, a chipped tooth, lower back problems, and mental and emotional trauma for which he requested and received psychological help. *Id.* at 3.

Plaintiff alleges the actions of Defendants Jones, Johnson[4] and Robinson constitute assault and battery, and negligence in violation of South Carolina common law. *Id.* at 3-4. Plaintiff asserts the United States is liable under the FTCA for the unlawful actions of Defendants Jones, Johnson and Robinson as they were acting within the scope of their employment. *Id.* Plaintiff also alleges Defendants failed to follow Federal Bureau of Prisons ("BOP") policy regarding documentation of use of force, and such failure resulted in a

---

Magistrate Judge. Because Defendants' Motion is dispositive, the undersigned enters this Report for the district judge's consideration.

[4] Defendants assert that there are two officers named Johnson employed at FCI-Bennettsville. Because FCI staff was unable to determine which staff member Plaintiff intended to sue, service was not accepted for either Johnson.

violation of Plaintiff's due process rights. *Id.* at 4-5. Plaintiff alleges the actions of Defendants Jones, Johnson, and Robinson violated his "right to be free and secure in his person under the Fourth Amendment and Eighth Amendment to the U.S. Constitution." *Id.* at 5.

Plaintiff's Complaint includes the following attachments: an affidavit of Plaintiff in which he reiterates the allegations of his Complaint, ECF 1-1; a copy of the denial of claim letter from the U.S. Department of Justice dated June 20, 2012, for his tort claims related to the alleged assault; a copy of the denial of claim letter dated April 4, 2012, related to the flooding/contaminated food incident; a copy of Plaintiff's Regional Administrative Appeal regarding the flooding/contaminated food incident; a rejection notice from the Regional Appeal due to Plaintiff's failure to first file a BP-9;[5] copies of Plaintiff's Request for Administrative Remedy; and copies of Documentation of Informal Resolution Attempt forms, ECF No. 1-2.

In support of their Motion for Summary Judgment, Defendants have submitted an affidavit from Defendant Leroy Jones, who attests that he was working as the SHU lieutenant on August 15, 2011. Jones Aff. ¶ 4, ECF No. 36-10. Jones attests that he moved Plaintiff to another cell without incident and without any use of force. Jones Aff. ¶ 6.  Jones states that Defendant Robinson, Officer Brock, and Officer Thompson witnessed the entire interaction. *Id.* The next day medical staff informed Defendant Jones of Plaintiff's allegations, and

---

[5] The BOP has a three-tiered administrative grievance process. *See* 28 C.F.R. §§ 542.10, *et seq*. An inmate may first seek to informally resolve his complaint by filing Form BP-8, and if the matter cannot be resolved informally, the inmate must file a formal written "Administrative Remedy Request" (Form BP–9) within twenty calendar days following the date on which the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). If the inmate is dissatisfied with the response, he may appeal the decision to the Regional Director within twenty calendar days of the date of the Warden's response by filing Form BP–10. 28 C.F.R. § 542.15. Finally, the inmate may appeal this decision to the General Counsel within thirty calendar days of the Regional Director's response by filing Form BP–11. *Id.*

because of the seriousness of the allegations Defendant Jones, along with Defendant Robinson, Officer Brock, and Officer Thompson prepared memoranda of the incident. Jones Aff. ¶ 7. Defendant Jones attests that he did not hit, punch, or kick Plaintiff on August 15, 2011, and that he has never used force on Plaintiff. Jones Aff. ¶¶ 10-11.

Millard Grant, the Special Investigative Supervisor ("SIS") lieutenant, has provided an affidavit wherein he attests that he personally investigated the allegations made by Plaintiff against Defendant Jones. Grant Aff. ¶ 2, ECF No. 36-11.  Grant interviewed four staff witnesses, checked to see if there was video surveillance,[6] and based on the findings of the investigation, concluded Plaintiff was not assaulted by Defendant Jones. Grant Aff. ¶ 8. As the allegations against Defendant Jones for physical abuse were unsubstantiated, the Office of Internal Affairs closed the case on January 10, 2012. *Id.*

Defendant Patrick Robinson submitted an affidavit wherein he attests that on August 15, 2011, he helped Defendant Jones and two other officers escort Plaintiff, who was in hand restraints, to another cell. Robinson Aff. ¶ 4, ECF No. 39-1. After placing Plaintiff in the cell, Defendant Robinson and the two other officers stepped out of the cell and Defendant Jones remained in the cell to speak with Plaintiff. *Id.* Defendant Robinson attests that he saw and heard the entire interaction between Plaintiff and Defendant Jones and that at no time did

---

[6] Plaintiff alleges that Defendants' failure to follow its own policies and procedures requiring the videotaping of all use of force resulted in a violation of Plaintiff's due process rights. Compl. ¶ 12.  Investigator Grant attests that "cameras in SHU do not record inside individual cells and staff did not record [Plaintiff's cell move] since [it] was a routine move without a calculated use of force." Grant Aff. ¶ 8. "Further, allegations that Defendant did not follow BOP policies or procedures, standing alone, do not amount to constitutional violations." *Atkins v. Michell*, No. 3:09-1046-RBH, 2010 WL 646852, at *12 (D.S.C. Feb. 19, 2010) (citing *United States v. Caceres*, 440 U.S. 741 (1978); *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983)).

Defendant Jones hit or kick Plaintiff. *Id.* Defendant Robinson also prepared a memorandum on August 16, 2011, describing the incident and his observations. ECF No. 36-12.

Defendants also submit a copy of the memorandum from the U.S. Department of Justice dated February 10, 2012, regarding Plaintiff's tort claim for the flooding incident. ECF No. 36-16. The memorandum notes that Plaintiff placed only two sick call slips after August 5, 2011—one related to the alleged assault by staff, and the second filed four months later for complaints of diarrhea with headaches and bloody stools. *Id.* The memorandum noted that Plaintiff had the opportunity to place sick call slips daily and that there was no evidence to support Plaintiff's claims of neglect by medical staff. *Id.* at 2.

II.    Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).  Nor can the court assume the existence of a genuine issue of material fact when none exists. *See* Fed. R. Civ. P. 56(c).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

III.    Analysis

A. *Bivens* Claims

Plaintiff is bringing suit against the employees of a federal prison; as such, his constitutional claims are evaluated under *Bivens*.  *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983.  However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Nevertheless, *Harlow* and progeny indicate that case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F.

Supp. 2d 1303, 1310, n.8 (M.D. Ala. 2001) ("the court shall refer interchangeably to cases" decided under both § 1983 and Bivens).

Plaintiff's *Bivens* claim is asserted against the individual officer Defendants. Defendant United States of America is not subject to suit under Plaintiff's *Bivens* claim. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. USDA on behalf of FHA*, 55 F.3d 991, 995 (5th Cir. 1995). Rather, the United States is subject to suit under Plaintiff's FTCA claim, while the individual Defendants are not subject to suit under that claim.

B.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that federal prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is required for "[a]ll action[s] . . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*, 534 U.S. at 532. Exhaustion is a threshold requirement which must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth*, 532 U.S. at 741. Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216. No unexhausted claims may be considered by the court; such claims must be dismissed. *Jones*, 549 U.S. at 211. The PLRA requires "proper"

exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. *Jones*, 549 U.S. at 204. It also has the potential to reduce the number of inmate suits and to improve the quality of suits that are filed by producing a useful administrative record. *Id.*; *Woodford*, 548 U.S. at 94–95. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved. *Woodford*, 548 U.S. at 95. This is the reason for the BOP requirement that inmates institute their grievances within 20 days of the date of incident giving rise to the complaint. *See* 28 C.F.R. § 542.14(a). As the Court explained:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction, and under respondent's interpretation of the PLRA noncompliance carries no significant sanction. For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme.

*Woodford*, 548 U.S. at 95.

Defendants argue they are entitled to summary judgment because Plaintiff has failed to exhaust "his remedies available under the formal Administrative Remedy procedure established by the BOP concerning the *Bivens* allegations set forth in his complaint." ECF

No. 36 at 7.  In support of this contention Defendants offer an affidavit from Tami Cassaro, a Supervisory Attorney for the United States Department of Justice, Federal BOP.  Cassaro Aff. ¶ 1, ECF No. 36-3.  Attorney Cassaro attests that BOP's records show that FCI-Bennettsville received a Request for Administrative Remedy filed by Plaintiff on September 20, 2011, claiming that he was assaulted by Defendant Jones. Cassaro Aff. ¶ 7.  Attorney Cassaro states that the Warden responded to Plaintiff's Request on October 4, 2011, and informed Plaintiff that "his allegation of misconduct will be reviewed for appropriate disposition in accordance with policy." *See* Ex. 3 to Cassaro Aff., ECF No. 36-3. Cassaro notes that instead of appealing the Warden's response to the Regional Director, as instructed in the Warden's response, Plaintiff appealed to the Central Office on December 14, 2011. Cassaro Aff. ¶ 8.  Plaintiff's appeal was rejected by the Central Office because "he appealed to the wrong level, his appeal was not sensitive, and he did not provide copy of the administrative remedy he filed at the institution." *Id.* Plaintiff was informed that he must appeal to the Region on a BP-10 form, and he was given 15 days to file such appeal. *Id.* Cassaro attests that records show Plaintiff did not submit an appeal to the Regional Office. *Id.* Accordingly, Plaintiff has not exhausted his administrative remedies regarding the alleged assault by a BOP employee. *Id.*

Attorney Cassaro attests that on September 20, 2011, the institution received a Request for Administrative Remedy filed by Plaintiff alleging poor conditions in SHU. Cassaro Aff. ¶ 9. The "remedy was rejected because it was untimely and [Plaintiff] did not attempt informal resolution prior to filing the remedy or did not attach such evidence that he attempted to informally resolve this matter." *Id.* Instead of trying to appeal the Warden's rejection, Plaintiff submitted a new Administrative Remedy Request Appeal to the Regional

Office. *Id.* ¶ 10. This remedy was rejected because Plaintiff did not file at the institution first as required. *Id.* On November 20, 2011, Plaintiff filed an Administrative Remedy Request to the institution alleging SHU staff was feeding inmates under dirty conditions. *Id.* ¶ 11. On December 7, 2011, the Acting Warden responded to Plaintiff informing him that his allegation would be reviewed. *Id.* Instead of waiting for a response, Plaintiff filed a new Administrative Remedy Request Appeal to the Regional Office on November 28, 2011. *Id.* ¶ 12. This remedy was rejected because Plaintiff did not file his appeal at the institution first. *Id.* On December 6, 2011, Plaintiff filed another new Administrative Remedy Request Appeal to the Regional Office. *Id.* ¶ 13. This remedy was also rejected because Plaintiff did not file at the institution first. *Id.* Attorney Cassaro attests that Plaintiff did not file any more grievances regarding the conditions in SHU. *Id.* ¶ 14. "Although [Plaintiff] attempted to file several administrative remedies, he failed to follow policy and the instructions given to him in each rejection notice as to how to properly utilize the administrative remedy process." *Id.* ¶ 15. Therefore, Plaintiff failed to exhaust his administrative remedies as to his claim regarding flooding/contaminated food.

Plaintiff argues in response that "it was the Defendants' own concerted action that frustrated the administrative remedy process. Specifically, Plaintiff['s] request for the appropriate forms were delayed and when given rendered his claims late." ECF No. 43 at 2. Plaintiff cites as an example his September 20, 2011 Request for Administrative Remedy. ECF No. 36-3. As noted by Defendants, although this request was rejected as untimely, Plaintiff did have the opportunity to appeal the rejection but failed to properly do so. Therefore, even taking the evidence in the light most favorable to Plaintiff, the record shows that he failed to properly exhaust his remedies. *See Woodford*, 548 U.S. at 90; *Jones*, 549

U.S. at 218. Accordingly, it is recommended that Plaintiff's *Bivens* claims against Defendants Jones, Johnson, and Robinson be dismissed.

      B.  FTCA Claims

Plaintiff has expressly filed this action against Defendant United States pursuant to the FTCA for "assault and battery, failure to protect, failure to provide adequate medical care, and negligence by law enforcement officer of the United States Department of Justice (Bureau of Prisons)." Compl. ¶ 4, ECF No. 1.  Plaintiff further alleges FTCA claims against the United States for the "unlawful non-discretionary actions of Lt. Jones, C/O's Johnson and Robinson as they were acting within the scope of their employment as law enforcement officers of the Bureau of Prisons." Compl. ¶¶ 9, 10.

The FTCA provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Before obtaining relief in federal court under the FTCA, a plaintiff must first have exhausted his administrative remedies. *See* 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). Defendants do not dispute that

Plaintiff has exhausted his administrative remedies with respect to his FTCA claims regarding unsanitary conditions and assault by staff member.[7] ECF No. 36 at 13-15.

Under the FTCA, the court must determine liability in accordance with the substantive tort law of the state "where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, because Plaintiff alleges assault and battery and negligence that occurred while he was housed in a BOP facility located in South Carolina, the substantive law of South Carolina controls. To recover in a negligence claim, "a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." *Bloom v. Ravoira*, 529 S.E.2d 710, 712 (S.C. 2000). A plaintiff may show an affirmative legal duty of care arising from a statute if the plaintiff is a member of the class of persons the statute is intended to protect, and the essential purpose of the statute is to protect the plaintiff from the kind of harm he suffered. *Rayfield v. S.C. Dep't of Corr.*, 374 S.E.2d 910, 914 (S.C. Ct. App. 1988). In this case the BOP owes Plaintiff and affirmative legal duty in accordance with 18 U.S.C. § 4042, which provides that the BOP "shall . . . provide suitable quarters and provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(2). For purposes of an FTCA claim, the duty is one of "reasonable care." *See Johnson v. U.S. Gov't*, 258 F. Supp. 372, 376 (E.D. Va. 1966) (holding that duty of care "only requires the exercise of ordinary diligence under the circumstances."); *see also Buchanan v. United States*, 915 F.2d 969, 971 (5th Cir. 1990); *Beckwith v. Hart*, 263 F.Supp.2d 1018, 1022 (D. Md. 2003);

---

[7] To the extent Plaintiff seeks to bring an FTCA claim for "failure to train staff," Defendants assert Plaintiff has not exhausted that issue. Plaintiff has not provided any documentation to show that he exhausted his administrative remedies with regard to that claim.

*Owens v. Haas*, 601 F.2d 1242, 1249 (2d Cir. 1979) (stating that "the federal government owes a duty of reasonable care").

Defendants concede the existence of a duty to keep Plaintiff safe, but argue that Plaintiff failed to prove a breach of that duty. ECF No. 36 at 38. Defendants assert that Plaintiff has provided no evidence "aside from his own conclusory allegations" that Defendants breached their duty to protect Plaintiff. *Id.* Defendants cite to the administrative claim determination and results of the investigation by the Office of Internal Affairs that found no evidence to indicate Plaintiff sustained any injury caused by the wrongful act of any BOP employee. *See* ECF Nos. 36-7, 36-11. Defendants also refer to Plaintiff's medical records of August 16, 2011. These records that, although Plaintiff did have some swelling and tenderness in his left lower ribcage and lumbar spine for which he was provided ibuprofen, Plaintiff did not have any trauma to his face or loose teeth as he alleged in his tort claim. ECF No. 36-8 at 20-24. Plaintiff argues in response that there exists a genuine issue of material fact because the medical records show he had swelling and tenderness in his rib cage and lumbar spine, and "surely Plaintiff did not inflict these injuries on himself." ECF No. 43 at 4.

Plaintiff is required to show negligence with reasonable certainty, not through mere conjecture, and he may not attempt to prove negligence through the doctrine of *res ipsa loquitur*. *Ajaj v. United States*, 479 F. Supp. 2d 501, 549 (D.S.C. 2007). Plaintiff's conclusory statements are insufficient to establish that Defendants failed to discharge their legal duty of care to him. Plaintiff cannot survive summary judgment with mere allegations without specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

With respect to Plaintiff's claim about the unsanitary conditions in SHU, even assuming that this conduct may have constituted a breach of Defendants' legal duty of care, Plaintiff has failed to show any injury he suffered as a result of this conduct. Plaintiff's medical records do not indicate Plaintiff reported to medical staff that he was sick after being fed by staff who allegedly wore contaminated gloves. Plaintiff's medical records show that Plaintiff signed up for sick call once in December 2011, four months after the alleged incident, complaining of diarrhea and bloody stools. ECF No. 36-8 at 26-28. Plaintiff did not refer to the flooding incident in his December 2011 sick call. *Id.* To the extent Plaintiff seeks monetary compensation for the mental or emotional trauma allegedly experienced as a result of being fed with contaminated gloves,[8] 28 U.S.C. § 1346(b)(2) does not permit recovery of monetary damages for mental or emotional injury without a prior showing of physical injury:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

"Therefore, to the extent Plaintiff is asserting a claim for mental or emotional injuries, it is without merit and should be dismissed." *Ajaj*, 479 F. Supp. 2d at 549, n.22. Accordingly, Plaintiff's claims under the FTCA should be dismissed.

C.  State Law Claims

To the extent that Plaintiff's Complaint states additional claims under state law, because there is no remaining independent basis for federal jurisdiction, the undersigned recommends that the court decline to exercise supplemental jurisdiction over the claims as summary judgment is recommended for Defendants on Plaintiff's federal claims. *See* 28 U.S.C. § 1367(c)(3).

---

[8] *See* Compl. ¶ 6 and Prayer for Relief, ECF No. 1 at 5.

III.    Conclusion

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 36, be granted and Plaintiff's Complaint be dismissed.

IT IS SO RECOMMENDED.

April 25, 2013                                          Kaymani D. West
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**