IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Edwin Cruz, | ) | C/A NO.  5:12-2149-CMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| United States of America; Lt. Jones; | ) | |
| Officer Johnson; Officer Robinson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").  On April 25, 2013, the Magistrate Judge issued a Report recommending that Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (b)(6) be granted and this matter be dismissed with prejudice.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  After requesting and receiving an extension of time to do so, Plaintiff filed objections to the Report on May 29, 2013.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusion of the Report that Defendants' motion to dismiss[1] should be granted as to Plaintiff's *Bivens* claims. However, the court finds that the record as it now exists is inadequate to determine whether Defendants Jones and/or Robinson were acting within the scope of employment. Accordingly, the court denies Defendants' motion to dismiss Plaintiff's FTCA claims without prejudice.

## I. DEFENDANT LT. JOHNSON

Plaintiff sues "Lt. Johnson," who is alleged to have stood outside a cell while Defendant Lt. Jones allegedly assaulted Plaintiff on August 15, 2011. *See* Compl. at 2, 3 (ECF No. 1). However, as noted by Defendants in a footnote to the motion to dismiss and/or for summary judgment, "[t]here are two officers named Johnson employed at FCI Bennettsville. FCI staff were unable to determine which staff member was being sued, therefore, service was not accepted and authority has not been requested for the United States Attorney's Office to represent the unknown Officer Johnson." Mot.

---

[1] Rule 12(b)(6) provides that if a motion to dismiss for failure to state a claim is filed and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgement and disposed of as provided in Rule 56." In this case, Defendants have filed declarations and a variety of supporting materials in connection with the brief regarding the motion to dismiss. Accordingly, the motion to dismiss has been considered and analyzed as a motion for summary judgment.

2

to Dism. at 1, n.1 (ECF No. 36).² Plaintiff has not sought to correct this deficiency. Accordingly, Defendant "Lt. Johnson" has not been served with a copy of the summons and complaint in this matter, nor has he made an appearance in this matter. Therefore, Defendant "Lt. Johnson" is dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## II. REMAINING DEFENDANTS/CLAIMS

### A. BIVENS CLAIMS

On December 27, 2012, Defendants (except Defendant Johnson) moved to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), contending, *inter alia*, that Plaintiff failed to exhaust administrative remedies on the *Bivens* claims contained in the complaint.³

An action for damages filed pursuant to *Bivens* does not lie against the United States, as "[a]ny remedy under *Bivens* is against federal officials individually, not the federal government." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996). Additionally, a *Bivens* action cannot lie against Defendants Jones or Robinson in their official capacities. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2003). Accordingly, Plaintiff's *Bivens* claims are dismissed with prejudice as to Defendant United States of America and Defendants Jones and Robinson in their official capacities.

---

²Pursuant to the declaration submitted by Lt. Leroy Jones, the officers who accompanied him in moving Plaintiff to another cell on August 15, 2011, were Defendant Robinson, Senior Officer Specialist Shawn Brock, and Senior Officer Rory Thompson. Decl. of Leroy Jones at ¶ 6 (ECF No. 36-10). Plaintiff has not sued either Brock or Thompson.

³Although Section 1983 does not apply to federal prisoners (since it is restricted to "state" actors), an analogous private cause of action against federal officials for monetary damages is implied directly under the Constitution, in this case the Eighth Amendment, under the seminal case, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Fourth Amendment claim).

3

Plaintiff argues the Report errs in finding he failed to exhaust administrative remedies because the actions of prison officials rendered the administrative remedy process unavailable. *See* Obj. at 2 (ECF No. 67) (arguing a "delay" in request for appropriate forms). The cases cited by Plaintiff support the proposition that if prison officials affirmatively thwart an inmate's attempt to exhaust administrative remedies, the remedy becomes "unavailable," and an inmate is accordingly excused from the statutory exhaustion requirement. However, when a process becomes unavailable because an inmate does not comply with procedural rules, "the process is not unavailable but rather forfeited." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Additionally, Plaintiff maintains "because of conflicting affidavits and sworn pleadings in this case, the Fourth Circuit Court of Appeals has held that summary judgment is precluded under these circumstances." Obj. at 3. Plaintiff's sworn assertion in response to Defendants' properly supported dispostive motion is "[t]hat I attempted to file an administrative grievance on the matter but all efforts were frustrated." Decl. of Edwin Cruz at ¶ 10 (ECF No. 43-1).

The record reflects Plaintiff made a variety of attempts to exhaust administrative remedies with officials at FCI – Bennettsville, the Southeast Regional Office, and the Office of General Counsel relating to both conditions of the Special Housing Unit (SHU) and the alleged assault. *See generally* Attachs. to Compl. (ECF No. 1-2 at 4-6); Attachs. to Decl. of Tami Cassaro (ECF No. 36-3 at 7-18). However, a careful review of the record reveals Plaintiff's general and conclusory assertion that "all efforts were frustrated" fails to establish that prison officials were responsible for Plaintiff's failure to exhaust administrative remedies on these claims, as Plaintiff does not provide evidence of what specific "efforts" he undertook to properly exhaust administrative remedies on his *Bivens* claims.

4

### 1. BUREAU OF PRISONS ADMINISTRATIVE REMEDIES

As relevant to the discussions below, the United States Bureau of Prisons (BOP) has a three-tiered administrative grievance process. *See* 28 C.F.R. §§ 542.10, *et seq*. An inmate may first seek to informally resolve his complaint by filing Form BP-8, and if the matter cannot be resolved informally, the inmate must then file a formal written "Administrative Remedy Request" (Form BP-9) within twenty (20) calendar days following the date on which the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). If the inmate is dissatisfied with the response he receives on the BP-9, he may appeal the decision to the Regional Director within twenty (20) calendar days of the date of the Warden's response by filing Form BP–10. 28 C.F.R. § 542.15. Finally, the inmate may appeal the decision of the Regional Director to the General Counsel within thirty (30) calendar days of the Regional Director's response by filing Form BP–11. *Id*.

All formal requests for administrative remedy are logged into a national database and given a unique identifying number. Decl. of Tami Cassaro (Cassaro) at ¶ 5 (ECF No. 36-3). As explained by Cassaro, Supervisory Attorney for the United States Bureau of Prisons,

> [a]n extension is added to the [initial unique identifying] number which denotes the level at which the claim is filed. Subsequent appeals of an issue will have the same identification number with a different extension identifying the level where filed. The extension '-F1' indicates the filing was at the institution or field level. The extension '-R1' indicates the filing was at the regional level. The extension '-A1' indicates the filing was at the national level. If an appeal is rejected and re-filed at the same level, perhaps correcting the identified deficiencies, then the number will change but the letter will remain the same. For example, the extension '-R2' indicates the appeal was rejected at the regional level once and the inmate has re-filed, presumably after correction of the noted deficiencies.

*Id*.

### 2. SHU CONDITIONS

Turning to the record, even assuming Administrative Remedy (hereinafter "AR") 662974-R1 was an appeal of AR 656985-F1 (and therefore should not have been assigned a separate identifying number by the Southeast Regional Office), Plaintiff did not appeal AR 662974-R1 to General Counsel.  Instead, it appears Plaintiff attempted to comply with the directive contained in AR 662974-R1 by filing AR 665978-F1 with officials at FCI – Bennettsville.  However, when provided the Warden's response to AR 665978-F1 indicating that the "allegations [contained in the BP-9] will be reviewed for appropriate disposition" but that Plaintiff would not receive "further information regarding the disposition," Plaintiff did not appeal that decision to the Southeast Regional Office, despite being provided explicit instructions regarding compliance (*i.e.*, the timing within which and where an appeal should be sent).  Accordingly, Plaintiff did not properly exhaust his administrative remedies relating to conditions in the SHU.[4]

### 3. EXCESSIVE FORCE

As to the alleged use of excessive force, Plaintiff filed a BP-9 with officials at FCI – Bennettsville, which was assigned number AR 656983-F1.  The Warden issued her decision, indicating that the "allegations [contained in the BP-9] will be reviewed for appropriate disposition" but that Plaintiff would not receive "further information regarding the disposition."  Plaintiff filed an appeal of the Warden's decision with General Counsel, designated as AR 656983-A1, which was rejected with the notation that Plaintiff was required to file a BP-10 at the Southeast Regional Office

---

[4]Instead of waiting for any decision by the Warden on AR 665978-F1, Plaintiff filed two BP-10's at the Southeast Regional Office, AR 669606-R1 and AR 670415-R1.  Both of these BP-10's were rejected at the Regional level, and he did not appeal either of these decisions to General Counsel.

before filing with General Counsel.  Plaintiff was given fifteen (15) days to correct this and other deficiencies with AR 656983-A1. Decl. of Tami Cassaro at ¶ 8 (ECF No. 36-3).  Cassaro declares that Plaintiff "has not submitted such appeal to the Regional Office."  *Id*.  Review of the "Administrative Remedy Generalized Retrieval" attachment to Cassaro's declaration indicates, however, that Plaintiff filed AR 656983-R1 with the Southeast Regional Office on March 20, 2012.[5] *See* ECF No. 36-3 at 8.  In any event, even though Plaintiff eventually filed with the Southeast Regional Office, he failed to comply with the time limits contained in General Counsel's decision in AR 656983-A1.  Accordingly, Plaintiff failed to properly exhaust his administrative remedies relating to the alleged assault.

### 4. CONCLUSION – *BIVENS* CLAIMS

For these reasons, Plaintiff failed to exhaust administrative remedies regarding any *Bivens* claims he asserts, and they are therefore dismissed with prejudice.

### B. *FEDERAL TORT CLAIMS ACT (FTCA)*

The Report concludes Plaintiff has exhausted his administrative remedies regarding his FTCA claims,[6] but that Defendants should be dismissed as "Plaintiff's conclusory statements are insufficient to establish that Defendants failed to discharge their legal duty of care to him."  Report at 13 (ECF No. 54).

A plaintiff may recover against the United States only to the extent that it has expressly

---

[5] The printout shows that the filing was received March 20, 20<u>11</u>.  However, as the original Request for Administrative Remedy was not filed until September 20, 2011, this appears to be an error.  *See* ECF No. 36-3 at 8.

[6] Plaintiff has failed to exhaust any claims regarding failure to train officers, and does not claim otherwise.

7

waived sovereign immunity. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Congress waived the sovereign immunity of the United States for certain torts committed by federal employees when it enacted the Federal Tort Claims Act (FTCA) in 1946. *Kerns v. United States*, 585 F.3d 187, 194 (4th Cir. 2009) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). However, the FTCA is a limited waiver of immunity, imposing tort liability on the United States only "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, and only to the extent that "a private person[ ] would be liable to the claimant in accordance with the law of the place where the act or omission occurred," *id*. § 1346(b)(1). In other words, a claimant "has an FTCA cause of action against the government only if [ ]he would also have a cause of action under state law against a private person in like circumstances." *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991).

The FTCA "serves to convey jurisdiction when the alleged breach of duty is tortious under state law, or when the Government has breached a duty under federal law that is analogous to a duty of care recognized by state law." *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 969 (4th Cir. 1992). Thus, the substantive law of each state establishes the cause of action. *Kerns*, 585 F.3d at 194; *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009). In the case at bar, the substantive law is the decisional law of the state of South Carolina.

Unlike a *Bivens* action, which lies against the individual officers in their individual capacities only, an action under the FTCA is pursued against Defendant United States, not individual federal employees, so long as the employee was acting within the scope of employment. *See*, *e.g.*, 28 U.S.C. §§ 2671, 2679(a), (b)(1) (providing that FTCA does not authorize suits against federal agencies, and FTCA remedy is exclusive with respect to injuries caused by federal employees acting

8

within the scope of their employment); *Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); *see also Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.").

The Federal Employee Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act amendment to the FTCA, provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

See 28 U.S.C. § 2679(d)(1). "[I]mmunity under the Westfall Act, like other forms of absolute and qualified immunity, is an immunity from suit rather than a mere defense to liability." *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1154 (4th Cir. 1997).

However, "[f]or the Act to kick in, the employee must notify the Attorney General of the suit; the Attorney General must certify that the defendant employees were acting within the scope of their employment when the tort occurred; and, if he refuses to so certify, the employees themselves must petition the district court." *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991 (citing 28 U.S.C. §§ 2679(c), (d)). No certification or petition has been filed in this case. Given the elaborate statutory procedures for notification, certification, and petition, the court is without sufficient information to "determine on its own initiative whether the suit is against a federal employee acting within the scope of his employment." *Id. See also U-Haul Intern., Inc. v. Estate of Albright*, 626 F.3d 498, 501 (9th Cir. 2010) ("The Westfall Act doesn't empower the district court

9

*sua sponte* to abrogate the federal government's sovereign immunity and subject it to the risk of liability.").

Accordingly, the court denies without prejudice Defendants' motion to dismiss Plaintiff's claims under the FTCA. As this matter is to be remanded for further pretrial proceedings, the court provides the following guidance to the Magistrate Judge and the parties.

Defendants' motion and the Report analyze Plaintiff's claims as if the only tort claim asserted in the complaint is a negligence claim. *See* Report at 12-13. But Plaintiff asserts claims against the United States, Jones, and Robinson under the FTCA for "assault and battery, failure to protect, failure to provide adequate medical care, and negligence . . . ." Compl. at ¶ 4. In the end, a review of the record must focus on the conduct which gave rise to Plaintiff's claims. *Benavidez v. United States*, 177 F.3d 927, 931 (10th Cir. 1999).

Additionally, the Report finds "Plaintiff's conclusory statements are insufficient to establish that Defendant[ ] failed to discharge [its] legal duty of care to him." Report at 13. In so doing, the Report errs in making a credibility determination against Plaintiff, the non-moving party. "It is not [this court's] job to weigh the evidence." *Gary v. Spillman*, 925 F.2d 90, 95 (4th Cir. 1991). This court "must view the facts, and all reasonable inferences that may be drawn from those facts, in the light most favorable to the non-moving party." *Meyers v. Baltimore Cnty., Md.,* 713 F.3d 723, 730 (4th Cir. 2013). The parties present conflicting affidavits and declarations, submitted under penalty of perjury, regarding the events of August 15, 2011. Additionally, Plaintiff's medical records, although not completely supportive of Plaintiff's damages claim, are some additional evidence supporting Plaintiff's version of events. When presented with conflicting versions of the facts, the court cannot make a determination of the facts without passing judgment on the credibility of

10

witnesses and other evidence. *See Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979) (holding that summary judgment is not appropriate if the resolution of material issues depends upon credibility determinations).

If certification is filed pursuant to § 2679(d) that Defendants Jones and Robinson were acting within the scope of employment, Defendant United States would become the sole defendant in this matter. If, however, it is determined that Defendants Jones and Robinson were not acting within the scope of employment, Defendant United States would be dismissed and Plaintiff's remaining state law claims against Jones and Robinson would proceed in this court only if there is an independent basis for federal jurisdiction or this court exercises supplemental jurisdiction pursuant to 28 U.S.C. § 1367(d).

This matter is remanded to the Magistrate Judge for further pretrial proceedings consistent with this order relating to Plaintiff's claims under the FTCA.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 13, 2013