UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Edwin Cruz, | ) | C/A No. 5:12-2149-RMG-KDW |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| United States of America, Lt. Jones, Officer Robinson, | ) | (Notice to Plaintiff Regarding Substitution of USA for Defendants Jones and Robinson) |
| Defendants. | ) | |

Plaintiff, a pro se prisoner, brought this action alleging claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346 and 28 U.S.C. § 2671, *et seq*. In a September 13, 2013 Order, the court granted Defendants' Motion to Dismiss as to Plaintiff's *Bivens* claims, but denied without prejudice Defendants' Motion to Dismiss Plaintiff's FTCA claims because the record did not contain sufficient information from Defendant United States of America ("USA") regarding whether Defendants Lt. Jones and Officer Robinson were acting within the scope of their federal employment for purposes of the FTCA claims. ECF No. 73.

**Defendant USA's Motion for Substitution of Party:
Explanation and Instruction to Plaintiff**

On September 27, 2013, Defendant USA filed a Motion for Substitution of Party ("Motion"), in which it seeks to have itself substituted as the only Defendant in the place of named Defendants Jones and Robinson. Defendant USA's requested relief includes having the court dismiss Jones and Robinson as defendants. ECF No. 77. Attached to the Motion is the Certification of Scope of Employment filed pursuant to 28 U.S.C. § 2679(d)(1) ("Certification"), in which the Attorney General of the United States, through the United States Attorney for the District of South Carolina, certifies that Defendants Jones and Robinson "were at all times relevant acting within the scope of their employment as employees of the Department of Justice, Federal Bureau of Prisons." Certification 1, ECF No. 77-1. Defendant USA served Plaintiff with a copy of the Motion and the Certification by United States Mail. *See* Mot. 4, ECF No. 77.

When considering a certification such as the one filed by Defendant USA herein, the FTCA provides the following instruction to the court:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such

claim in a United States district court *shall* be deemed an action against the United States under the provisions of this title and all references thereto, and the United States *shall be substituted* as the party defendant.

28 U.S.C. § 2679(d)(1) (emphasis added). As part of this substitution process, the court is to dismiss individually named defendants who are certified to have been acting within the scope of employment. In other words, because Defendant USA has certified Jones and Robinson were acting within the scope of their federal employment, if the court accepts the certification and grants the Motion, Defendant USA alone will become the proper Defendant for Plaintiff's FTCA claims. Despite the mandatory language of § 2679(d)(1) ("district court shall . . ."), the United States Supreme Court has held that substitution of the United States and dismissal of named individual employees is subject to judicial review. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 430-31 (1995). In *Gutierrez*, the Court noted that certifications by the United States that its employee was acting within the scope of his or her employment ordinarily "occasion no contest[]" and plaintiffs then confront "a financially reliable defendant[,]" the United States." 515 U.S. at 422. However, the Court reviewed the FTCA's provisions and history and determined the district court was not required to accept the Attorney General's certification that an employee was acting within the scope of employment if opposing parties challenged the certification and argued the employees were not acting within the scope of employment at the relevant time. *Id.* at 434-37. Rather, the court may consider opposing arguments and determine whether to grant or deny a Motion for Substitution.

**To Plaintiff:**

**Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff is advised that Defendant USA's Motion for Substitution of Party, if granted, will dismiss Defendants Jones and Robinson as parties to this matter, substituting Defendant USA as the only Defendant as to the remaining claims raised in the Complaint.[1] If it is determined that Defendants Jones and Robinson were not acting within the scope of employment, the court would recommend Defendant USA's Motion for Substitution of Party be denied, thereby dismissing Defendant USA as a party, and this matter would proceed against Defendants Jones and Robinson in this court only if there is an independent basis for federal jurisdiction or the court exercises supplemental jurisdiction pursuant to 28 U.S.C. § 1367(d). *See* ECF No. 73.**

**If Plaintiff wishes to oppose Defendant USA's Motion for Substitution of Party and its Certification that Defendants Jones and Robinson were acting within the scope of their employment at all times pertinent to matters in Plaintiff's Complaint, he must do so within 34 days from the date of this Order (<u>November 25, 2013</u>). If Plaintiff fails to respond adequately, the court may grant Defendant USA's Motion. Only information relevant to whether Defendants Jones and Robinson were acting within the scope of their employment at times relevant will be considered.**

---

[1] In the court's September 13, 2013 Order, your other claims against Defendants Jones and Robinson were dismissed over your objections. ECF No. 73. Further, your claims against Officer Johnson were dismissed without prejudice because he was not served with the Complaint. *Id.* Those issues are no longer being considered by this court.

IT IS SO ORDERED.

October 22, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge