UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edwin Cruz, | ) | C/A No.  5:12-2149-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| United States of America, Lt. Jones, | ) | |
| Officer Johnson, Officer Robinson, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff, a pro se prisoner, brings this action alleging claims pursuant to the Federal Torts Claims Act ("FTCA"),  28 U.S.C. § 1346 and 28 U.S.C. § 2671, *et seq*.[1]  This matter is before the court on Defendants' Motion for Substitution of party filed on September 27, 2013.  ECF No. 77.  Plaintiff filed an opposition to Defendants' motion on November 18, 2013, ECF No. 84, Defendants filed a reply to Plaintiff's response on December 2, 2013, ECF No. 87, and Plaintiff filed a sur-reply on December 27, 2013, ECF No. 88.  Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

I.      Factual Background

In his Complaint filed on August 1, 2012, Plaintiff alleges that while housed at the Federal prison at Bennettsville, South Carolina, he was assaulted by Defendant Jones on August 15, 2011, while handcuffed and in his cell, "while . . . [Defendant] Robinson remained standing outside the cell door." ECF No. 1 at 2-3. Plaintiff alleges he suffered a bruised rib cage, a

---

[1] Plaintiff's claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) were dismissed by the court on September 13, 2013.  *See* ECF No. 73.

chipped tooth, lower back problems, and mental and emotional trauma for which he requested and received psychological help. *Id.* at 3. Plaintiff contends that the actions of Defendants Jones and Robinson constituted assault and battery, and negligence in violation of South Carolina common law. *Id*. at 3-4.[2] In response to these allegations, Defendant Jones attests that he moved Plaintiff to another cell on August 15, 2011, without incident and without any use of force. Jones Aff. ¶ 6, ECF No. 36-10. Jones states that Defendant Robinson, Officer Brock, and Officer Thompson witnessed the entire interaction. *Id.* Defendant Robinson attests that he helped Defendant Jones and two other officers escort Plaintiff, who was in hand restraints, to another cell. Robinson Aff. ¶ 4, ECF No. 39-1. Defendant Robinson attests that Defendant Jones remained alone in the cell to speak with Plaintiff and at no time did Defendant Jones hit or kick Plaintiff. *Id.*

II. Analysis

Defendant United States of America moves for the entry of an order substituting the United States as Defendant in this matter in the place of Defendants Jones and Robinson. ECF No. 77 at 1. United States Attorney, William N. Nettles, certifies pursuant to 28 U.S.C. § 2679(d)(1) and (2) that Defendants Jones and Robinson, employees of the Federal Bureau of Prisons ("BOP"), were acting within the scope of their employment at the time of the incident alleged in the Complaint. ECF No. 77-1.

The Federal Employees Liability Reform and Tort Compensation Act of 1988, also known as the Westfall Act, "'accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties.'" *Osborn v.*

---

[2] Plaintiff asserts the United States is liable under the FTCA for the unlawful actions of Defendants Jones and Robinson as they were acting within the scope of their employment. ECF No. 1 at 3-4.

*Haley*, 549 U.S. 225, 229 (2007). Under the Westfall Act, when a federal employee is named in a tort suit, the Attorney General or his designees may certify that the employee was "acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id.* 229-30 (quotation omitted). Pursuant to § 2679(d) of Title 28 of the United States Code,

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). "However, when a certification decision is challenged . . . the appropriateness of substitution is subject to judicial review," *Lee v. U.S.*, 171 F. Supp. 2d 566, 573 (M.D.N.C. 2001), and the certification by the United States Attorney constitutes prima facie evidence that the employee was acting within the scope of his employment, *Berkeley-Dorchester Counties Econ. Dev. Corp. v. U.S. Dept. of Health and Human Serv.,* 395 F. Supp. 2d 317, 322 (D.S.C. 2005). To rebut the certification, "a plaintiff must 'alleg[e] sufficient facts that, taken as true, would establish that the defendant['s] actions exceeded the scope of [his] employment.'" *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C.Cir. 2009) (quotation omitted). To meet this burden, Plaintiff "must come forward with 'specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation.'" *Lee*, 171 F. Supp. 2d at 573. In determining whether Plaintiff has met his burden of rebutting the prima facie case, the district court may not simply defer to the certification decision, but must review the scope-of-employment question under a de novo standard. *Webb v. United States*, 24 F. Supp. 2d 608, 613 (W.D.Va. 1998).

The district court "must apply the law of the state in which the alleged tort occurred to ascertain whether the federal employee was acting within the scope of his employment." *Borneman v. United States*, 213 F.3d 819, 827 (4th Cir. 2000). In this matter, whether Defendants Jones and Robinson exceeded their scope of employment will be analyzed under the laws of South Carolina because that is where the events in the Complaint took place. Under South Carolina law, "[i]f the servant is doing some act in furtherance of the master's business, he will be regarded as acting within the scope of his employment, although he may exceed his authority." *Murphy v. Jefferson Pilot Communications Co.*, 613 S.E.2d 808, 812 (S.C. Ct. App. 2005); *see also Jamison v. Howard*, 247 S.E.2d 450, 451 (S.C. 1978) (holding that under South Carolina law, an act falls within the scope of employment even if the employee exceeded his or her authority and even if the employee acted contrary to the express orders of the employer); *South Carolina Budget & Control Bd. v. Prince*, 403 S.E.2d 643, 646-47 (S.C. 1991). Moreover, "if there is doubt as to whether a servant was acting within the scope of his employment, the doubt will be resolved against the master." *Prince*, 403 S.E.2d at 647.

Despite alleging in his Complaint Defendants Robinson and Jones were acting within the scope of their employment, Plaintiff objects to Defendants' Motion to Substitute and "asserts that all the defendants should be held individually and collectively responsible for violating Plaintiff's rights under Tort." ECF No. 85 at 2. More specifically, Plaintiff argues that Defendants Robinson and Jones acted outside their scope of employment when they:

> (1) Entered Plaintiff Cruz' cell in the SHU in violation of the policy;
>
> (2) Knowingly and willfully handcuffed Cruz and dragged him along the hallway to the side pocket cell;
>
> (3) Deliberately did not tape record the incident in violation of the policy to hide the proof of their wrong doings;

> (4) Assaulted Plaintiff along with other officers (while Plaintiff remained in handcuffs) until Plaintiff lost consciousness, broke his tooth, broke his ribs, and his, entire face, body and head were covered in bruises;
>
> (5) Left Plaintiff bleeding in the SHU cell and refused to permit any one to bring him the much needed medical care; and
>
> (6) Consistently stone walled Plaintiff's all efforts to seek redress of grievances through the Administrative Remedy process.

ECF No. 88 at 2-3.

Applying South Carolina law's decidedly broad view of acts in furtherance of the master's business, the relevant inquiry in this matter is whether Defendants Robinson and Jones were acting in furtherance of BOP business in their interactions with Plaintiff. After a thorough review of the record, the undersigned finds that the alleged assault on Plaintiff took place during work hours, on BOP premises, and when Defendants Robinson and Jones were acting within their authority as BOP correction officers. The undersigned further finds that Plaintiff has not offered any evidence, other than conclusory allegations, that Defendants Robinson and Jones' actions were motivated by personal considerations, and not work-related concerns. "Various courts have held that evidence of this type supports the conclusion that an employee was acting within the scope of his employment at the time of the alleged assaults." 171 F. Supp. 2d 566, 576. *See Wallen v. Domm*, 700 F.2d 124, 125-26 (4th Cir. 1983) (explaining that an assault by a supervisor, in a supervisor's office, was within the scope of the supervisor's employment, where the substance of the discussion was work-related); *Crittenden v. Thompson-Walker Comp., Inc.*, 341 S.E.2d 385, 387 (S.C. Ct. App. 1986) (finding an employee's assault to be within the scope of his employment because, among other factors, the employee's relationship with the injured party "arose solely from his position as [the employer's] employee.").

Accordingly, the undersigned finds that Plaintiff has failed to rebut the certification that Defendants Robinson and Jones were acting with the scope of their employment when the

alleged assault occurred, and therefore grants United States' motion, ECF No. 77, to be substituted as a Defendant in place of Defendants Robinson and Jones.

    IT IS SO ORDERED.

February 24, 2014　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　　United States Magistrate Judge