UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edwin Cruz, | ) C/A No. 5:12-cv-2149-RMG-KDW |
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| United States of America, | ) |
| Defendant. | ) |

Plaintiff brings this action pro se alleging claims pursuant the Federal Tort Claims Act ("FTCA"). ECF No. 1. This matter is before the court on the Motion for Summary Judgment filed by Defendant on June 30, 2014. ECF No. 101. As Plaintiff is proceeding pro se, the court advised him in a *Roseboro*[1] order regarding the importance of dispositive motions and the need for him to file an adequate response. ECF No. 102. Plaintiff filed an opposition to Defendant's motion on July 31, 2014. ECF No. 109. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Accordingly, the undersigned enters this Report and Recommendation for the court's review.

I.   Background

Plaintiff Edwin Cruz is a federal prisoner in the Berlin Federal Corrections Institution ("FCI") in New Hampshire. The facts giving rise to Plaintiff's Complaint occurred at the FCI in Bennettsville, South Carolina (FCI-Bennettsville). ECF No. 1 at 2. In his Complaint, Plaintiff

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

alleges that on August 5, 2011, the lower B range of the Special Housing Unit ("SHU") experienced flooding. *Id.* at 2. Plaintiff alleges that the entire range was flooded with feces and urine and that, despite the unsanitary conditions, the prison employees continued to serve meals using contaminated gloves. *Id.* Plaintiff states that as a result of being forced to eat contaminated meals he suffered from internal bleeding, diarrhea, emotional and mental trauma, and weight loss. *Id.* Plaintiff also alleges that his requests for medical assistance were denied. *Id.* Plaintiff further alleges that on August 15, 2011, while handcuffed and in his cell, he was assaulted by Lt. Jones "while officers Johnson and Robinson remained standing outside the cell door." *Id.* Plaintiff alleges he suffered a bruised rib cage, a chipped tooth, lower back problems, and mental and emotional trauma for which he requested and received psychological help. *Id.* at 3.

Plaintiff alleges the actions of Lt. Jones and Officers Johnson and Robinson constitute assault and battery, and negligence in violation of South Carolina common law. *Id.* at 3-4. Plaintiff asserts the United States is liable under the FTCA for the unlawful actions of Lt. Jones and Officers Johnson and Robinson as they were acting within the scope of their employment. *Id.* Plaintiff also alleges these Officers failed to follow Federal Bureau of Prisons ("BOP") policy regarding documentation of use of force, and such failure resulted in a violation of Plaintiff's due process rights. *Id.* at 4-5. Plaintiff alleges the actions of Lt. Jones and Officers Johnson and Robinson violated his "right to be free and secure in his person under the Fourth Amendment and Eighth Amendment to the U.S. Constitution." *Id.* at 5. Plaintiff requests entry of judgment and compensatory damages. *Id.* at 5-6.

Plaintiff's Complaint includes the following attachments: an affidavit of Plaintiff in which he reiterates the allegations of his Complaint, ECF 1-1; a copy of the denial of claim letter from the U.S. Department of Justice dated June 20, 2012, for his tort claims related to the alleged

2

assault; a copy of the denial of claim letter dated April 4, 2012, related to the flooding/contaminated food incident; a copy of Plaintiff's Regional Administrative Appeal regarding the flooding/contaminated food incident; a rejection notice from the Regional Appeal due to Plaintiff's failure to first file a BP-9; copies of Plaintiff's Request for Administrative Remedy; and copies of Documentation of Informal Resolution Attempt forms, ECF No. 1-2.

After Plaintiff filed his Complaint, then-Defendants, the United States of America, Lt. Jones, Officer Johnson, and Officer Robinson, filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative a Motion for Summary Judgment. ECF No. 36. Upon review, the undersigned recommended that Plaintiff's *Bivens* causes of action be dismissed because Plaintiff failed to exhaust his administrative remedies. *See* ECF No. 54 at 7-11. Additionally, the undersigned recommended that Plaintiff's FTCA claims be dismissed because Plaintiff failed to provide enough evidence to withstand the Motion for Summary Judgment.[2] *See id.* at 11-14. On review, the court agreed that Plaintiff's *Bivens* claims should be dismissed with prejudice because Plaintiff failed to exhaust his administrative remedies. ECF No. 73 at 2-7. Additionally, the court dismissed "Lt. Johnson" as a Defendant because he had not been served with a copy of the summons and complaint, nor had he made an appearance in the matter.[3] *Id.* at 2-3.

However, the court did not adopt the recommendation and denied the Motion with regard to Plaintiff's FTCA causes of action because the record as it existed was "inadequate to determine whether Defendants Jones and/or Robinson were acting within the scope of their

---

[2] Because the court considered matters outside the pleadings, the motion was considered as one for summary judgment instead of a Motion to Dismiss.

[3] Two officers named Johnson were employed at FCI Bennettsville, and FCI staff were unable to determine which staff member was being sued, therefore, service was not accepted and authority was not requested for the United States Attorney's Office to represent the unknown Officer Johnson.

3

employment." *Id.* The court reasoned that "an action under the FTCA is pursued against Defendant United States, not individual federal employees, so long as the employee was acting within the scope of employment." *Id.* at 8. Furthermore, the court instructed that Plaintiff brought claims under the FTCA for "assault and battery, failure to protect, failure to provide adequate medical care, and negligence" and a review of the record must focus on the conduct giving rise to those claims. *Id.* at 10.

Thereafter, the United States moved for the entry of an order substituting the United States as the sole Defendant in place of the then-named Defendants Lt. Jones and Officer Robinson. ECF No. 77. In its Motion, William N. Nettles, United States Attorney for the District of South Carolina, certified that Lt. Jones and Officer Robinson, employees of the Federal Bureau of Prisons, "were acting within the scope of their employment at the time of the incident alleged in the complaint and that pursuant to 28 U.S.C. § 2679(d)(1) and (2), the United States should be substituted as the sole defendant." *See id.* at ¶ 4. The undersigned granted the United States' Motion over Plaintiff's objection. *See* ECF No. 89. Accordingly, the United States is the only remaining Defendant in this action, and Plaintiff's FTCA causes of action are the only remaining claims before the court.

II.     Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

4

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 251. Likewise, bald assertions, unsupported allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364-65 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III. Analysis

    A. Failure to Exhaust

Defendant argues that Plaintiff is procedurally barred from raising causes of action for failure to train and failure to follow policy because he failed to exhaust his administrative remedies on these issues before filing his action. ECF No. 101 at 5-8. In his Response, Plaintiff argues that no such exhaustion requirement exists for tort claims. ECF No. 109 at 3. Rather,

5

Plaintiff contends: "It merely needs that the incident and nature of injury suffered be alleged. It requires for the claim to be submitted to the appropriate agency within two years and provides a six month window after the denial to seek relief in a court of law; and this procedure was successfully followed by Plaintiff." *Id.*

Before obtaining relief in federal court under the FTCA, a plaintiff must first have exhausted his administrative remedies. *See* 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Where such a claim is not presented to the appropriate agency, the district court should dismiss the action for want of subject matter jurisdiction. *See McNeil*, 508 U.S. at 113; *see also Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) ("It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived."). Previously, the district court found "Plaintiff has failed to exhaust any claims regarding failure to train officers, and does not claim otherwise." ECF No. 73 at 7 n.6. Additionally, Defendant has demonstrated that Plaintiff failed to exhaust his claims for failure to follow protocol by not videotaping his transfer from one cell to another in SHU.

In his Complaint, Plaintiff alleges that Defendant "failed to follow its own policy and procedures which requires that all use of force must be videotaped, tabulated and reviewed and retain[ed] for a period of 2 ½ years." ECF No. 1 at 4. A review of Plaintiff's filed administrative tort claims indicates that he failed to raise failure to videotape violated policy and procedure. *See* ECF Nos. 36-4, 36-6. Therefore, Plaintiff has failed to administratively exhaust his allegation that BOP staff failed to follow policy and procedure by not videotaping Plaintiff's cell transfer.

The undersigned finds that Plaintiff's cause of action for failure to train staff was previously dismissed by the district court based on Plaintiff's failure to exhaust his

6

administrative remedies. Additionally, the undersigned recommends that the court dismiss Plaintiff's purported claim for Defendant's failure to follow procedure by not videotaping Plaintiff's cell transfer pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for want of subject matter jurisdiction. Defendant concedes that Plaintiff exhausted his administrative remedies concerning an alleged assault and battery, failure to protect, general negligence, and his medical negligence claims. ECF No. 101 at 8. The undersigned will address each of Plaintiff's remaining causes of action in turn.

### B. Federal Tort Claims Act

Plaintiff has expressly filed this action against Defendant United States pursuant to the FTCA. ECF No. 1. The FTCA provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Under the FTCA, the court must determine liability in accordance with the substantive tort law of the state "where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Accordingly, because Plaintiff alleges assault and negligence that occurred while he was housed in a BOP facility located in South Carolina, the substantive law of South Carolina controls. Under South Carolina law, an assault is defined as

> [A]n unlawful attempt or offer, with force or violence, to do some bodily harm to another, or engage in some unlawful offensive bodily contact by means apparently calculated to immediately produce the intended result if carried out. Stated another way, an assault is an unlawful attempt or offer to do bodily injury to another by force, or force unlawfully directed toward the person of another,

7

> under such circumstances as create a well-founded fear of imminent peril, coupled with the apparent ability to effectuate the attempt if not prevented.

*Carter v. Rogers*, 805 F.2d 1153, 1157 n.4 (4th Cir. 1986).

To recover in a negligence claim under South Carolina law, "a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." *Bloom v. Ravoira*, 529 S.E.2d 710, 712 (S.C. 2000). A plaintiff may show an affirmative legal duty of care arising from a statute if the plaintiff is a member of the class of persons the statute is intended to protect, and the essential purpose of the statute is to protect the plaintiff from the kind of harm he suffered. *Rayfield v. S.C. Dep't of Corr.*, 374 S.E.2d 910, 914 (S.C. Ct. App. 1988). In this case the BOP owes Plaintiff an affirmative legal duty in accordance with 18 U.S.C. § 4042(a), which provides that the BOP shall:

> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States. . . .

For purposes of an FTCA claim, the duty is one of "reasonable" care. *Beckwith v. Hart*, 263 F. Supp. 2d 1018, 1022 (D. Md. 2003); *see also Johnson v. U.S. Gov't*, 258 F. Supp. 372, 376 (E.D. Va. 1966) (holding that duty of care "only requires the exercise of ordinary diligence under the circumstances.").

### 1. Assault and Battery and Failure to Protect

Defendant argues that Plaintiff's claim for assault and battery must be dismissed. ECF No. 101 at 20-22. Specifically, Defendant maintains that investigations that took place after the August 15, 2011 incident revealed there was no evidence to substantiate Plaintiff's claim that

Officer Jones physically abused Plaintiff. *Id.* at 21. Moreover, Defendant contends that memoranda from all staff indicate that Officer Jones did not assault Plaintiff. *Id.* Defendant argues Plaintiff's claim should be dismissed because even though medical records "show [Plaintiff] had some swelling and tenderness to the left lower ribcage, there was no trauma to his face and he did not have any loose teeth as alleged in [Plaintiff's] tort claim." *Id.*

In his Response, Plaintiff maintains that he was taken to a remote "side pocket" area of the SHU so that officers could assault him while he was in handcuffs. ECF No. 109 at 4. Specifically, Plaintiff argues that contrary to Defendant's assertion there was not a shortage of cells within the SHU. *Id.* Moreover, Plaintiff contends that Lieutenant Jones did not want evidence of the assault, so he failed to videotape Plaintiff's transfer from his cell to the side pocket area of the SHU, which is against BOP protocol. *Id.* Plaintiff maintains that the other officers involved in his cell transfer were negligent in allowing the assault to occur and are covering for each other. *Id.* at 5. Furthermore, Plaintiff alleges that footage from SHU hallway security cameras will show that Lt. Jones was "dragging, pushing, shoving, and screaming when he carried [Plaintiff] to the side pocket. . . ." *Id.* at 6. However, Plaintiff maintains that the court denied his discovery request for the video tape.[4] *Id.*

In an affidavit attached to his Complaint, Plaintiff specifically avers that Lt. Jones assaulted him "with a close[d] fist and his feet resulting in [Plaintiff] suffering a bruise[d] rib cage, chipped tooth, lower back problems and other related problems." ECF No. 1-1 at ¶ 6. Moreover, Plaintiff claims that "at all times during the assault, [his] hands were handcuffed behind [his] back and [he] was in no position to help [himself]. *Id.* at ¶ 8. Additionally, Plaintiff stated that during the assault, Officers Robinson and Johnson "remained outside the cell looking

---

[4] In a response to his federal tort claim Plaintiff was informed that no video recording of the incident was available. ECF No. 36-7 at 2.

9

on while their supervisor Lt. Jones continued to kick, thump and leveled verbal racist and impunging homosexual remarks directed at [Plaintiff]." *Id.* at ¶ 7.

Plaintiff was examined by BOP health services on August 16, 2011, and reported the following symptoms: Pain to lower back, left lower ribs, headache, and loose tooth. ECF No. 36-8 at 20. Medical records indicate Plaintiff had a skin lesion to his chest and swelling and tenderness to his left lower lateral ribcage. *Id.* at 21. Additionally, Plaintiff had swelling and tenderness to his lumbar spine. *Id.* Plaintiff was instructed to take 800 milligrams of ibuprofen three times a day for seven days, and x-rays of the spine and ribs were ordered. *Id.*

In support of its Summary Judgment Motion, Defendant maintains that results of an OIA investigation and an administrative claim filed by Plaintiff both concluded that Lieutenant Jones did not assault Plaintiff on August 15, 2011. ECF No. 101 at 21. Defendant also maintains that memoranda from BOP staff reveal that Lieutenant Jones did not assault Plaintiff. *Id.* Further, Defendant asserts that Plaintiff did not seek medical attention until the day following the alleged assault. *Id.*

Plaintiff consistently objects to each of Defendant's points. According to Plaintiff's version of facts as evidenced in his detailed affidavit, an assault occurred. Furthermore, Plaintiff claims he requested medical attention on the day of the assault but was only able to see medical staff the day following the assault when health services came to the SHU for a sick call. ECF No. 109 at 5. Moreover, as evidenced by medical records, Plaintiff suffered injuries that appear to be consistent with the assault he described occurred. ECF No. 36-8 at 20. Additionally, Plaintiff claims to have attempted to document the assault, but was unsuccessful. For example, in an incident report, Plaintiff maintained that on August 16, the day after he was assaulted, he

10

requested that pictures be taken of his injuries. *See* ECF No. 1-2 at 12. However, Plaintiff indicated that no one responded to his request. *See id.*

Plaintiff's assault and battery claim pertains to Lieutenant Jones' alleged actions and arises from South Carolina common law. South Carolina recognizes a cause of action for assault and battery "when a person has been placed in reasonable fear of bodily harm by the conduct of the defendant, and a battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of degree." *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995) (internal citations omitted). Plaintiff's claim against the other officers who allegedly witnessed Plaintiff's assault is statutory. The other officers' duty to protect Plaintiff arises from the United States Code. *See* 18 U.S.C. § 4042(a)(3).

Based on the evidence in the record, the undersigned finds that Plaintiff has offered sufficient evidence to demonstrate that a genuine issue of material facts exists concerning whether Lieutenant Jones placed Plaintiff in reasonable fear and/or acted with unlawful force toward Plaintiff. Likewise, Plaintiff has also offered sufficient evidence to demonstrate that a genuine issue of material fact exists regarding whether Lieutenant Jones and Officer Robinson breached a duty owed to Plaintiff—or were negligent in failing to provide protection to Plaintiff as required under 18 U.S.C. § 4042(a)(3). Accordingly, the undersigned recommends that the court deny Defendant's Motion for Summary Judgment regarding Plaintiff's causes of action for assault and battery and failure to protect.

2. General Negligence

In order to prove negligence in South Carolina, Plaintiff must prove by a preponderance of the evidence that 1) the Defendant had a legal duty of care; 2) the Defendant failed to discharge that duty; and 3) the Defendant's breach proximately caused him injury. *Goode v. St.*

*Stephens United Methodist Church,* 494 S.E.2d 827, 834 (S.C. 1997); *Hubbard v. Taylor,* 529 S.E.2d 549 (S.C. 2000). Plaintiff is required to show negligence with reasonable certainty, not through mere conjecture, and he may not attempt to prove negligence through the doctrine of *res ipsa loquitur. Eickhoff v. Beard–Laney,* 20 S.E.2d 153 (S.C. 1942); *Crider v. Infinger Transportation Co.,* 148 S.E.2d 732 (S.C. 1966). A plaintiff may show an affirmative legal duty of care to him arising from a statute if the plaintiff is a member of the class of persons the statute is intended to protect, and the essential purpose of the statute is to protect the plaintiff from the kind of harm he suffered. *Rayfield v. South Carolina Dep't of Corrections,* 374 S.E.2d at 914.

a.)     Failure to Photograph Injuries

Though Defendant does not address the failure of Defendant to photograph Plaintiff's injuries on the merits, Defendant acknowledges that in Plaintiff's second administrative tort action, Plaintiff "alleged that staff failed to follow policy be not taking a picture of his injuries." ECF No. 101 at 7. In an affidavit attached to his Complaint and in a December 2011 administrative claim, Plaintiff noted that investigators failed to take pictures of his injuries as he requested. ECF No. 1-1 at ¶ 9, ECF No. 36-3 at 1. Therefore, the undersigned finds Plaintiff sufficiently alleged and exhausted a purported claim for Defendant's error in failing to photograph his injuries.

However, Plaintiff has failed to state a cognizable claim concerning failure to follow policy and procedure because he has failed to demonstrate that an affirmative legal duty of care exists in this context. Plaintiff references Program Statement 5566.06 and 28 C.F.R. § 552.27 in support of his allegations. ECF No. 1 at 4. However, a program statement is not a statute that gives rise to an affirmative duty.  Moreover, while 28 C.F.R. § 552.27 requires that use-of-force

incidents be documents in writing, it does not require injuries be photographed.[5] Therefore, Plaintiff has failed to demonstrate that Defendant owed him an affirmative legal duty of care in this context as required by *Rayfield*, 374 S.E.2d at 914.

Even if Defendant owed Plaintiff a duty in this context, the only injury Plaintiff suffered as a result of Defendant's alleged breach is not having pictures to document his injuries. However, as previously discussed, Plaintiff's medical records appear to be consistent with the assault Plaintiff described in his Complaint and therefore his injuries were adequately documented. ECF No. 36-8 at 20. Therefore, he is not prejudiced by Defendant's failure to photograph his injuries. Accordingly, Plaintiff has failed to demonstrate that he suffered an injury or damages as result of Defendant's alleged breach as required under the third prong of the negligence cause of action. The undersigned recommends that Defendant be granted summary judgment on Plaintiff's negligence claim that Defendant failed to follow protocol in not photographing his injuries.

### b.) Unsanitary Prison Conditions

Defendant maintains that Plaintiff has not provided any evidence other than his own conclusory allegations that he suffered physical and emotional injuries as a result of officers allegedly using contaminated gloves to feed inmates after a flood of his housing unit. ECF No. 101 at 19. Though Defendant acknowledges that there was a plumbing problem on August 5, 2011, it maintains that the problem was resolved before BOP staff gave out any food. *Id.* at 20. Additionally, Defendant asserts that BOP staff did not use contaminated gloves while dispensing food. *Id.*

---

[5] 28 C.F.R. § 552.27 provides: "Staff shall appropriately document all incidents involving the use of force, chemical agents, or less-than-lethal weapons. Staff shall also document, in writing, the use of restraints on an inmate who becomes violent or displays signs of imminent violence. A copy of the report shall be placed in the inmate's central file."

Plaintiff responds by alleging that dinner and breakfast were served to Plaintiff and the other inmates on August 5 and August 6, 2011. ECF No. 109 at 7. Furthermore, Plaintiff maintains that "[a]s outlined in [his] sworn Complaint and affidavits any and all requests of Plaintiff for medical were denied. . . ." *Id.*

Here, an affirmative legal duty of care towards Plaintiff exists by virtue of 18 U.S.C. § 4042(a)(2), which provides that the Bureau of Prisons "shall ... provide suitable quarters and provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States." After careful review of the evidence in this case and consideration of the standards required to succeed on a tort claim in this court, the undersigned does not find that Plaintiff has set forth evidence of a viable federal tort claim sufficient to survive the Defendant United States' Motion for Summary Judgment. With respect to Plaintiff's claims concerning being served contaminated food, Plaintiff has only demonstrated that a flood occurred in the SHU. He has not, however, put forth any evidence demonstrating that the BOP staff served Plaintiff food while wearing contaminated gloves. Accordingly, Plaintiff has failed to put forth any evidence to support his contention that Defendant breached a duty of care owed to him.

Additionally, Plaintiff has failed to put forth any evidence demonstrating he suffered any injury because of Defendant's alleged negligence. Unlike the evidence that exists to support Plaintiff's claim that he was assaulted, here there are no medical records documenting Plaintiff's alleged internal bleeding, diarrhea, emotional and mental trauma, and weight loss. The only medical records that demonstrate Plaintiff experienced gastrological problems are from December of 2011, months after the alleged incident occurred. *See* ECF No. 36-8 at 27-30. Plaintiff's own allegations and statements as contained in his affidavit are not enough to create

14

an issue of material fact. *See Ross* 759 F.2d at 365 (holding unsupported allegations or denials, without more, are insufficient to preclude granting the summary judgment motion). Consequently, Plaintiff has failed to put forth any evidence to support his contention that he was injured due to Defendant's alleged negligence.

Accordingly, the undersigned recommends that the court grant Defendant's Motion for Summary Judgment regarding Plaintiff's causes of action for Defendant's negligence in failing to provide him with sanitary living quarters.

### b.) Medical Negligence

Defendant contends that Plaintiff's allegations of medical negligence are fallacious and that Plaintiff has failed to provide the requisite documentation to survive a motion for summary judgment. ECF No. 101 at 23. Further, Defendant argues that Plaintiff must establish by expert testimony that a defendant failed to conform to the required standard of care. *Id.* at 24. In response, Plaintiff maintains that BOP staff hindered his efforts to seek medical help. ECF No. 109 at 7.

Though Defendant maintains that Plaintiff's medical negligence claim is akin to medical malpractice, the undersigned disagrees. A medical malpractice claim requires a plaintiff to allege that a physician's or some medical personnel's care deviated from generally accepted medical practices and procedures. *See Dumont v. United States*, 80 F. Supp. 2d 576, 581 (D.S.C. 2000) ("In order to establish liability in a medical malpractice case, plaintiff must prove by a preponderance of the evidence the following: (a) What the recognized and generally accepted standards, practices and procedures are in the community which would be exercised by competent physicians in the same specialty under similar circumstances. (b) The physician or physicians and/or hospital personnel in question negligently deviated from the generally

accepted standards, practices, and procedures. (c) Such negligent deviation from the generally accepted standards, practices, and procedures was a proximate cause of the plaintiff's injury. (d) The plaintiff was injured."). However, in his Complaint, Plaintiff merely claims to have requested and been denied medical help. *See* ECF No. 1 at 2. Therefore, Plaintiff's claim that he was deprived medical attention it is more akin to regular negligence rather than medical malpractice.

Under 18 U.S.C. §4042 (a)(2), the BOP shall provide for an inmate's "care." Therefore, Defendant owes Plaintiff an affirmative duty to provide for his care, including his medical care. However, Plaintiff has failed to put forth any evidence that BOP staff failed to discharge this duty or that the alleged breach caused him an injury. *See Bloom v. Ravoira*, 529 S.E.2d at 712 (requiring a plaintiff prove by a preponderance of the evidence that 1) the defendant had a legal duty of care; 2) the defendant failed to discharge that duty; and 3) the defendant's breach proximately caused him injury).

Plaintiff has provided the court with only his own statements to indicate that BOP staff denied his requests for medical attention. Plaintiff asserts he received no medical care while at FCI-Bennettsville and received medical attention only after his transfer to a different BOP facility. ECF No. 109 at 7. Defendant has provided the court with 52 pages of Plaintiff's medical records that indicate he received medical attention at FCI-Bennettsville on the following dates: May 27, 2010; June 2, 2010; October 5, 2010; July 22, 2011; August 16, 2011; September 2, 2011; November 22, 2011; December 7, 2011; and December 8, 2011. ECF No. 36-8 at 1-30. Plaintiff was seen at FCI-Jessup on January 27, 2012; February 6, 2012; March 7, 2012, December 10, 2013; and December 13, 2012. *Id.* at 31-52. Therefore, the undersigned finds that Plaintiff has not offered any evidence that would support a finding that BOP staff breached a

16

duty owed to him by failing to provide for his medical care. On the contrary, the evidence demonstrates Plaintiff received medical attention several times during his stay at FCI-Bennettsville. Furthermore, Plaintiff offers no evidence that indicates he has suffered an injury from not having received medical attention. Therefore, the undersigned recommends that Defendant be granted summary judgment on Plaintiff's medical negligence claim.

IV. Conclusion

For the reasons discussed above, the undersigned recommends that Defendant's Motion for Summary Judgment, ECF No. 101, be granted as to Plaintiff's FTCA negligence claims. The undersigned declines to recommend summary judgment on Plaintiff's FTCA claims for assault and battery and failure to protect. Accordingly, the undersigned recommends Defendant's Motion for Summary Judgment be granted in part and denied in part.

IT IS SO RECOMMENDED.

September 12, 2014                                             Kaymani D. West
Florence, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**