IN THE UNITED STATES DISTRICT COURT RECEIVED
DISTRICT OF SOUTH CAROLINA USDC, CLERK, CHARLESTON, SC
CHARLESTON DIVISION          2014 OCT 15 P 1:48

EDWIN CRUZ,                          )
                                     )    No. 5:12-cv-2149-RMG
        Plaintiff,                   )
                                     )    **ORDER**
vs.                                  )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Defendant.                   )
_____)

This matter comes before the Court on the Report and Recommendation (R & R) of the

Magistrate Judge (Dkt. No. 111), recommending that Defendant's Motion for Summary

Judgment (Dkt. No. 101) be granted in part and denied in part.

## I. Background

Plaintiff, a federal prisoner, filed this Complaint in August of 2012, alleging claims under

the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of the Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* Dkt. No. 1). In September of 2013, Defendant

"Lt. Johnson" was dismissed without prejudice because he had not been served and had not

appeared in the action, and Plaintiff's *Bivens* claims were dismissed with prejudice for failure to

exhaust administrative remedies. (Dkt. No. 73). Thus, only Plaintiff's FTCA claims remain. In

February of 2014, the United States was substituted for the remaining individual defendants.

(Dkt. No. 89).

Defendant filed a Motion for Summary Judgment on all of Plaintiff's FTCA claims.

(Dkt. No. 101). The Magistrate Judge recommended (1) granting summary judgment as to

Plaintiff's failure to train staff and failure to follow procedure claims for failure to exhaust

administrative remedies; (2) granting summary judgment as to Plaintiff's negligence claims for

failure to photograph injuries, unsanitary prison conditions, and medical negligence; and (3)

denying summary judgment as to Plaintiff's assault and battery and failure to protect claims.

(Dkt. No. 111). Neither party filed objections to the R & R.

## II. Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." 28

U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those

portions of the R & R to which specific objection is made.

Here, however, because no objection has been made, this Court "must 'only satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation.'"

*Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R.

Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R&R,

the Court need not give any explanation for adopting the Magistrate Judge's analysis and

recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Court has carefully reviewed the pleadings, the parties' briefing, and the R & R, and

concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in

this matter. The Court, therefore, ADOPTS the Magistrate Judge's Report and

Recommendation, (Dkt. No. 111), as the order of this Court. Accordingly, Defendant's Motion

for Summary Judgment (Dkt. No. 101) is **GRANTED IN PART** and **DENIED IN PART**. The

Court DENIES summary judgment as to Plaintiff's claims for assault and battery and failure to protect and GRANTS summary judgment as to the remainder of Plaintiff's FTCA claims.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

October 15, 2014
Charleston, South Carolina